IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA



UNITED STATES OF AMERICA,           )
                                     )
              Plaintiff,             )
                                     )
       v.                            )    Civil No.  **09-23143**
                                     )
$26,891,914.77 IN UNITED STATES      )
CURRENCY SEIZED FROM ACCOUNTS        )    (Action Pending in District of Puerto
AT CARACAS INTERNATIONAL BANK        )    Rico, Civil Action No. 09-1549)
                                     )
              Defendant.             )

FILED by _____ D.C.

OCT 2 0 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

CIV-JORDAN    *MCALILEY*

## UNITED STATES OF AMERICA'S MOTION TO QUASH OR MODIFY

The United States of America, by and through its undersigned counsel, files this Motion to Quash or Modify. For the following reasons, the United States respectfully requests that this Court quash or modify any requested materials that relate to the ongoing criminal investigation in the District of Massachusetts.

**Background**

On March 25, 2009, the Drug Enforcement Administration and the Internal Revenue Service-Criminal Investigation in Boston, Massachusetts executed seizure warrants on Bank of America accounts in Miami, Florida owned by various Rosemont Corporations. The seizure warrants were issued by a Magistrate Judge for the United States District Court for the District of Massachusetts and the warrants and supporting affidavit were and still are under seal. These warrants were issued as part of an ongoing criminal investigation by the United States Attorney's Office for the District of Massachusetts and the Department of Justice's Asset Forfeiture and Money Laundering Section.

On June 16, 2009, the United States Attorney's Office for the District of Puerto Rico

initiated a civil forfeiture action by filing a complaint. The complaint was initiated against $26,891,914.77 in United States Currency seized from numerous account at Caracas International Bank located in San Juan, Puerto Rico.[1] The ongoing criminal investigation and pending forfeiture action in Boston, Massachusetts is separate from the forfeiture action in Puerto Rico. Specifically, the ongoing criminal investigation in Boston, Massachusetts has no connection to Puerto Rico, CIBC or the defendant property identified in the Complaint filed in Puerto Rico or the subpoena at issue.

On September 24, 2009, pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel representing the $750,000 seized from Rosemont I Corporation issued a subpoena to Bank of America for production of documents. Specifically, the subpoena, which identifies the action as occurring in the District of Puerto Rico, seeks, *inter alia*, the following documentation:

1.h.   All correspondence exchanged, transmitted, or sent within BOA relating to, referencing, or bearing any connection to any of the Accounts,[2] including but not limited to all e-mails, facsimiles, and letters.

1.i.   All correspondence you exchanged with or transmitted or sent to any individual or entity outside of BOA relating to, referencing, or bearing any connection to any of the Accounts, including but not limited to all e-mails, facsimiles, and letters.

7   All documents, including but not limited to all correspondence, reports, summaries, descriptions, statements, evaluations, or disclosures, which relate to, reference, or bear any connection to the seizure of any funds from any of the Accounts by the U.S. Government, any agent, agency, or instrumentality of the U.S. Government, or any state law enforcement agent, agency, or instrumentality

---

[1] The United States Attorney's Office for the District of Puerto Rico filed a Motion to Stay Civil Proceedings on October 16, 2009.

[2] The subpoena defines Accounts as including thirty-three different entities including Rosemont A Corporation through Rosemont Z Corporation.

from January 1, 2006, to the present. Please include in your response all such documents pertaining to any seizure of funds from the Accounts pursuant to any Warrant to Seize Personal Property Subject to Civil Forfeiture issued on March 23, 2009, by the U.S. District Court for the District of Massachusetts, including but not limited to all documents you provided to or which were seized by the U.S. Government or any agent, agency, or instrumentality of the U.S. Government in connection with any such seizure.

Paragraphs 2-6 seek a broad category of documents that relate to sixteen different entities and individuals.

The undersigned first learned of the subpoena on October 13, 2009. Counsel issuing the subpoena did not provide a copy to the undersigned or the United States Attorney's Office for the District of Massachusetts even though counsel's overly broad requests would encompass information pertaining to an ongoing criminal investigation in the District of Massachusetts, a fact known to counsel issuing the subpoena.

**Analysis**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: ... requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Generally, "an individual does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect of the subject matter of the subpoena." *Westernbank Puerto Rico v. Kachkar*, No. 07-23272, 2008 WL 564614, at *1 (S.D. Fla. Feb. 28, 2008)(citing *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 22 (D.C. Cir. 2005)); *see also, Nathai v. Florida Detroit Diesel-Allison, Inc.*, No. 3:09-CV-1-J-20HTS, 2009 WL 242570, at *1 (M.D. Fla. Aug. 5, 2009); *Subair Sys., LLC v. Precisionaire Sys., Inc.*, No. 08-

60570-CIV, 2008 WL 1914876, at *2 (S.D. Fla. Apr. 26, 2008).

The subpoena makes no distinction between the ongoing criminal investigation in Boston, Massachusetts and the civil forfeiture action initiated in the District of Puerto Rico.  Rather, counsel seeks to gather information about the ongoing criminal investigation in Boston, Massachusetts by using a subpoena in a civil forfeiture action.  The requests outlined above would encompass Bank of America's compliance with the ongoing criminal investigation occurring in the District of Massachusetts.  Such compliance would entail e-mail and facsimile communications between law enforcement and Bank of America pertaining to the ongoing criminal investigation in the District of Massachusetts.  These communications, as well as any documents generated by Bank of America in response to the ongoing criminal investigation, are privileged, *Atkin v. Internal Revenue Service*, No. 5:04 CV 0080, 2005 WL 1155127, at *4 (N.D. Ohio March 30, 2005)(quashing a subpoena where the subpoena "clearly encompasses matters from the criminal investigation and the wiretapping to which plaintiff is not privy."), and not relevant to the action in Puerto Rico. *See Compaq Computer Corp. v . Packard Bell Electronics, Inc.*, No. C 95-7005, 163 F.R.D. 329, 335 (N.D. Cal. 1995)("It is clear that ... relevance of the subpoenaed information has an important bearing upon the determination of a claim that a subpoena duces tecum is unreasonable or oppressive, as well as to a claim of confidentiality for the material sought to be produced, ....")(quoting *New York State Energy Research v. Nuclear Fuel Service*, 97 F.R.D. 709, 712 (W.D.N.Y. 1983)); *see also, Shields Enterprises, Inc. v. First Chicago Corp.*, No. 86 C 10213, 1988 WL 142200, at *3 (N.D. Ill. Dec. 28, 1988)(finding that Rule 45(d) specifically incorporates the relevancy limitations of Rule 26(b)).

As such, the undersigned respectfully requests that this Court quash or modify the

4

subpoena as it pertains to the ongoing criminal investigation in the District of Massachusetts. The Puerto Rico action has no relevance to the ongoing criminal investigation in the District of Massachusetts and any attempt to gather information pertaining to the criminal investigation should be quashed by this Court.

**Certificate Of Good Faith Conference**

Pursuant to Local Rule 7.1(A)(3), the United States Attorney's Office for the District of Massachusetts and the undersigned conferred with counsel that issued the subpoena in a good faith effort to resolve the issues but were unable to come to a resolution.

_Scott Paccagnini_
Attorney Name

DATED this _19_ th day of October, 2009.

Respectfully submitted,

RICHARD WEBER
Chief, Asset Forfeiture and
    Money Laundering Section

By:   _Scott Paccagnini_
    SCOTT PACCAGNINI
    Trial Attorney
    Asset Forfeiture and Money Laundering Section
    United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone:    (202) 514-1263
    Facsimile:    (202) 616-2547
    Scott.paccagnini@usdoj.gov

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

5

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2009, I filed the attached document with the Clerk's Office and served the attached document by U.S. mail, on the following:

Lee Stapleton
Baker & McKenzie LLP
1111 Brickell Avenue
Suite 1700
Miami, FL 33131


Thomas Pinder
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:      (202) 514-1263
Facsimile:      (202) 616-2547

6

*K W # 188*
*9-28-09*
*10:05 AM*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09-1549 (ADC) |
| $750,000 FUNDS SEIZED FROM ROSEMONT I | ) | |
| AND ROSEMONT I CORPORATION, ET AL., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Puerto Rico     ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Records Custodian, Bank of America, 1425 NW 62nd Street, Ft. Lauderdale, FL 33309

c/o CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A, attached hereto.

| Place: Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131 | Date and Time: 10/14/2009     10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  9/24/2009

CLERK OF COURT

OR

_____       _____
Signature of Clerk or Deputy Clerk                    Attorney's Signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Multitrade Financial Corp.
_____ , who issues or requests this subpoena, are:

Lee Stapleton, Esq., Baker & McKenzie LLP, 1111 Brickell Ave., Suite 1700, Miami, FL 33131, lee.stapleton@bakernet.com, 305-789-8900.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  09-1549 (ADC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

1.   For the period of January 1, 2006, to the present, for any and all accounts in the name of or that include any of the following words, phrases, or names in the account name (the "Accounts"),

Rosemont A Corporation;
Rosemont B Corporation;
Rosemont C Corporation;
Rosemont D Corporation;
Rosemont E Corporation;
Rosemont F Corporation;
Rosemont G Corporation;
Rosemont H Corporation;
Rosemont I Corporation;
Rosemont J Corporation;
Rosemont K Corporation;
Rosemont L Corporation;
Rosemont M Corporation;
Rosemont N Corporation;
Rosemont O Corporation;
Rosemont P Corporation;
Rosemont Q Corporation;
Rosemont R Corporation;
Rosemont S Corporation;
Rosemont T Corporation;
Rosemont U Corporation;
Rosemont V Corporation;
Rosemont W Corporation;
Rosemont X Corporation;
Rosemont Y Corporation;
Rosemont Z Corporation;
Rosemont Finance Corporation;
Rosemont Corporation;
Rosemont Money Services; no accts
Corpobox;
Multitrade;
Multinvest Casa de Bolsa, C.A.; and
Rosemont D d/b/a Multinvest.

please produce the following documents:

a.   All documents bearing any connection to the opening of any of the Accounts, including but not limited to all applications received by Bank of America (collectively with Bank of America's employees, officers, directors, agents, attorneys, and anyone else acting at Bank of America's direction or on its behalf, "BOA" or "you"), all pieces of identification you received, all documents evidencing

any initial deposits you received, all documents, notes, schedules, summaries, or reports you generated, and all documents evidencing the name, title, employment status, and location of the BOA employee(s) involved in the opening of any of the Accounts;

b. All documents evidencing any monthly statements you produced, drafted, or generated for or sent or transmitted to any entity or individual in connection with any of the Accounts, including but not limited to all documents evidencing the intended recipient(s) of such monthly statements;

c. All documents evidencing the identity of each and every authorized signatory for any of the Accounts;

d. All documents demonstrating the purported legal existence of each and every entity which applied for, held, maintained, or was authorized to sign on any of the Accounts, including but not limited to all articles of incorporation, certificates of good standing, tax identification numbers, and government-issued business licenses;

e. All documents evidencing the registration of any fictitious name in connection with any of the Accounts, including but not limited to all fictitious name registrations or "d/b/a" forms and all documents evidencing that any entity which applied for, held, maintained, or was authorized to sign on any of the Accounts registered or owned any fictitious name;

f. All documents relating to, used to show or verify, or otherwise demonstrating the identity of each individual officer, director, employee, or agent of each entity or individual which applied for, held, maintained, or was authorized to sign on any of the Accounts;

g. All documents evidencing any financial statements, business plans, business models, PowerPoint presentations, promotional materials, and informational literature you received in connection with any of the Accounts, including but not limited to all documents explaining the operation of the business of any entity or individual which applied for, held, maintained, or was authorized to sign on any of the Accounts;

2

h. All correspondence exchanged, transmitted, or sent within BOA relating to, referencing, or bearing any connection to any of the Accounts, including but not limited to all e-mails, facsimiles, and letters;

i. All correspondence you exchanged with or transmitted or sent to any individual or entity outside BOA relating to, referencing, or bearing any connection to any of the Accounts, including but not limited to all e-mails, facsimiles, and letters;

j. All reports, summaries, descriptions, statements, evaluations, or disclosures which relate to, reference, or otherwise bear any connection to any of the Accounts, including but not limited to all such documents generated as part of any "Know Your Customer" ("KYC"), Anti-Money Laundering ("AML"), or other compliance program;

k. All documents evidencing, describing, referencing, or relating to any and all KYC, AML, or other compliance program which pertained or applied to or covered any of the Accounts;

l. All documents evidencing the name, title, location, and employment status of each and every BOA employee who worked on, analyzed, opened, reviewed, maintained, made withdrawals out of or deposits into, or otherwise came in contact with any of the Accounts.

2. All correspondence exchanged, transmitted, or sent within BOA from January 1, 2006, through the present, which relates to, references, or bears any connection to any of the following individuals or entities:

      a. Multitrade Financial Corp.;
      b. Multinvest Casa de Bolsa, C.A.;
      c. Rosemont D Corporation d/b/a Multinvest;
      d. Rosemont Finance Corporation;
      e. Rosemont D Corporation;
      f. Rosemont P Corporation;
      g. Rama K. Vyasulu;
      h. Diego Arnal;
      i. Diego Arnal Vallenilla;
      j. Pedro Valenilla;
      k. Pedro Valenilla Rodriguez;
      l. Alejandro Abascal Rodolfo;

3

m. Antonio Uzcategui;
n. Remberto Uzcategui;
o. Rolando Vetencourt; and
p. any other entity referenced in request 1, *supra*.

3.   All correspondence you exchanged with, transmitted or sent to, or received from any

individual or entity outside BOA from January 1, 2006, through the present, which relates to, references,

or bears any connection to any of the following individuals or entities:

a. Multitrade Financial Corp.;
b. Multinvest Casa de Bolsa, C.A.;
c. Rosemont D Corporation d/b/a Multinvest;
d. Rosemont Finance Corporation;
e. Rosemont D Corporation;
f. Rosemont P Corporation;
g. Rama K. Vyasulu;
h. Diego Arnal;
i. Diego Arnal Vallenilla;
j. Pedro Valenilla;
k. Pedro Valenilla Rodriguez;
l. Alejandro Abascal Rodolfo;
m. Antonio Uzcategui;
n. Remberto Uzcategui;
o. Rolando Vetencourt; and
p. any other entity referenced in request 1, *supra*.

4.   All correspondence you exchanged with, transmitted or sent to, or received from any of

the following individuals or entities from January 1, 2006, through the present:

a. Multitrade Financial Corp.;
b. Multinvest Casa de Bolsa, C.A.;
c. Rosemont D Corporation d/b/a Multinvest;
d. Rosemont Finance Corporation;
e. Rosemont D Corporation;
f. Rosemont P Corporation;
g. Rama K. Vyasulu;
h. Diego Arnal;
i. Diego Arnal Vallenilla;
j. Pedro Valenilla;
k. Pedro Valenilla Rodriguez;
l. Alejandro Abascal Rodolfo;
m. Antonio Uzcategui;
n. Remberto Uzcategui;
o. Rolando Vetencourt; and
p. any other entity referenced in request 1, *supra*.

4

5.　　　All reports, summaries, descriptions, statements, evaluations, or disclosures you generated, including but not limited to all such documents generated as part of any KYC, AML, or other compliance program, from January 1, 2006, through the present, which relate to, reference, or otherwise bear any connection to any of the following individuals or entities:

      a. Multitrade Financial Corp.;
      b. Multinvest Casa de Bolsa, C.A.;
      c. Rosemont D Corporation d/b/a Multinvest;
      d. Rosemont Finance Corporation;
      e. Rosemont D Corporation;
      f. Rosemont P Corporation;
      g. Rama K. Vyasulu;
      h. Diego Arnal;
      i. Diego Arnal Vallenilla;
      j. Pedro Valenilla;
      k. Pedro Valenilla Rodriguez;
      l. Alejandro Abascal Rodolfo;
      m. Antonio Uzcategui;
      n. Remberto Uzcategui;
      o. Rolando Vetencourt; and
      p. any other entity referenced in request 1, *supra*.

6.　　　All documents evidencing any agreements, contracts, memoranda of understanding, or letters of intent, including but not limited to all such documents also relating to any of the Accounts, all compensation agreements, and all compensation-sharing agreements, you executed with or which were executed by, sent to, or received from, or otherwise relate to the following individuals or entities from January 1, 2006, through the present:

      a. Multitrade Financial Corp.;
      b. Multinvest Casa de Bolsa, C.A.;
      c. Rosemont D Corporation d/b/a Multinvest;
      d. Rosemont Finance Corporation;
      e. Rosemont D Corporation;
      f. Rosemont P Corporation;
      g. Rama K. Vyasulu;
      h. Diego Arnal;
      i. Diego Arnal Vallenilla;
      j. Pedro Valenilla;
      k. Pedro Valenilla Rodriguez;
      l. Alejandro Abascal Rodolfo;

Baker & McKenzie LLP - 1111 Brickell Avenue –17th Floor - Miami, Florida 33131 —Telephone (305) 789-8900

    m. Antonio Uzcategui;
    n. Remberto Uzcategui;
    o. Rolando Vetencourt; and
    p. any other entity referenced in request 1, *supra*.

7.    All documents, including but not limited to all correspondence, reports, summaries, descriptions, statements, evaluations, or disclosures, which relate to, reference, or bear any connection to the seizure of any funds from any of the Accounts by the U.S. Government, any agent, agency, or instrumentality of the U.S. Government, or any state law enforcement agent, agency, or instrumentality from January 1, 2006, to the present. Please include in your response all such documents pertaining to any seizure of funds from the Accounts pursuant to any Warrant to Seize Personal Property Subject to Civil Forfeiture issued on March 23, 2009, by the U.S. District Court for the District of Massachusetts, including but not limited to all documents you provided to or which were seized by the U.S. Government or any agent, agency, or instrumentality of the U.S. Government in connection with any such seizure.

8.    All documents evidencing or relating to any meetings or conferences between or including any officer, director, agent, attorney, or employee of Rosemont Finance Corporation, Rosemont D Corporation, or Rosemont P Corporation and any employee, officer, or director of BOA.

MIADMS/352078.1

 **CT Corporation**

**Service of Process Transmittal**
09/28/2009
CT Log Number 515487619

*70929-136*

| | |
|---|---|
| **TO:** | Andra Davis - Subpoenas<br>Bank of America<br>1425 NW 62nd Street, FL6-001-02-11<br>Fort Lauderdale, FL 33309-1916 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Bank of America (Assumed Name) (Domestic State: N/A)<br>Fleet National Bank (True Name) |

Received via FedEx

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | United States of America, Pltf. vs. $750,000 Funds Seized from Rosemont I and Rosemont I Corporation, et al., Dfts. // To: Bank of America |
| **DOCUMENT(S) SERVED:** | Subpoena to Produce, Proof of Service Form, Attachment(s), Schedule(s) |
| **COURT/AGENCY:** | US District Court, Southern District of Florida, FL<br>Case # 09-1549 (ADC) |
| **NATURE OF ACTION:** | Subpoena - Banking Records - Pertaining to Rosemont A Corporation and various other names located on the Schedule |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/28/2009 at 10:05 |
| **APPEARANCE OR ANSWER DUE:** | October 14, 2009 at 10:00 a.m. - Production |
| **ATTORNEY(S) / SENDER(S):** | Lee Stapleton<br>Baker & McKenzie LLP<br>1111 Brickell Ave.<br>Suite 1700<br>Miami, FL 33131<br>305-789-8900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791507361171 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of 1 / Jd

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

$26,891,914.77 SEIZED AS FOLLOWS:

A). $750,000.00 FUNDS SEIZED FROM
WIRE TRANSFER # 4210409082FF IN THE
AMOUNT OF $250,000.00, FROM
ROSEMONT I, DBA IVP OVERSEAS; THE
REMAINING $500,000.00 SEIZED FROM
WIRE TRANSFER #4163409082FF,
ROSEMONT I CORPORATION, DBA IVP
OVERSEAS LTD, CIBC ACCOUNT #
XXXXX-1039.

B). $1,000,000.00 FUNDS SEIZED FROM
WIRE TRANSFER # 2629700084JO, FROM
BARLO VENTURES INC., DBA UNDER
ROSEMONT E. CORPORATION.

C). $250,000.00 FUNDS SEIZED FROM
WIRE TRANSFER # 5433000084FC FROM
BANVALOR CORP., DBA UNDER
ROSEMONT O CORPORATION.

D). $7,579.96 FUNDS SEIZED FROM
MEGAVAL ENTERPRISES LTD, DBA
UNDER ROSEMONT G CORPORATION.
CIBC ACCOUNT # XXXXX1860,
CURRENCY DEPOSITED INTO THIS
ACCOUNT WAS $5,573.50 EUROS
CONVERTED BY CIBC INTO $7,579.96.

E). $3,017,483.33 FUNDS SEIZED FROM
METROPOLITAN FINANCIAL GROUP,
INC., DBA UNDER ROSEMONT A
CORPORATION, CIBC ACCOUNT #

CIVIL NO. 09- 1549 (ADC)

RECEIVED AND FILED
2009 JUN 16 PM 5: 20
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

1

XXX12.

F). $2,115,757.25 FUNDS SEIZED FROM
ACTIMARKET FINANCIAL SERVICES,
CORP., DBA UNDER ROSEMONT O
CORPORATION, CIBC ACCOUNT #
XXXXX1359.

G).$3,299,340.32 FUNDS SEIZED FROM
MEGAVAL ENTERPRISES LTD, DBA
UNDER ROSEMONT G CORPORATION,
CIBC ACCOUNT # XXXXX0473.

H). $5,013,127.11 FUNDS SEIZED FROM
MULTITRADE FINANCIAL CORP., AKA
MULTINVEST, DBA UNDER ROSEMONT
D CORPORATION, CIBC ACCOUNT #
XXX65.

I). $6,772,933.86 FUNDS SEIZED FROM
METROPOLITAN FINANCIAL GROUP,
INC., DBA UNDER ROSEMONT A
CORPORATION, CIBC ACCOUNT #
XXXXX1113.

J). $449,962.50 FUNDS SEIZED FROM
ACTIMARKET FINANCIAL SERVICES
CORP., DBA UNDER ROSEMONT O.
CORPORATION, CIBC ACCOUNT #
XXXX1359.

K). $250,000.00 FUNDS SEIZED FROM
WIRE TRANSFER # 567800085FC FROM
BANVALOR CORP., IS A FICTITIOUS
DBA UNDER ROSEMONT O
CORPORATION.  FUNDS WERE
DESTINED TO JLM FINANCIAL
SERVICES.

L). $750,000.00 FUNDS SEIZED FROM
CIBC ACCOUNT # XXX41 UNDER THE
NAME OF BLUEBERRY FINANCIAL
SERVICES LTD, FINAL BENEFICIARY

2

CAPITAL PARTNERS INC., IS A
FICTITIOUS DBA UNDER ROSEMONT C
CORPORATION.

M). $250,000.00 FUNDS SEIZED FROM
CIBC ACCOUNT # XXX41 UNDER THE
NAME OF BLUEBERRY FINANCIAL
CORP., FINANCIAL SERVICES LTD.,
FINAL BENEFICIARY BANVALOR CORP.,
IS A FICTITIOUS DBA UNDER
ROSEMONT O CORPORATION.

N). $250,000.00 FUNDS SEIZED FROM
CIBC ACCOUNT # XXX41 UNDER THE
NAME OF BLUEBERRY FINANCIAL
CORP., FINAL BENEFICIARY UNO
CAPITAL MANAGEMENT IS A
FICTITIOUS DBA UNDER ROSEMONT E
CORPORATION.

O). $12,000.00 FUNDS SEIZED FROM CIBC
ACCOUNT # XXX65 UNDER THE NAME
OF MULTITRADE FINANCIAL CORP.,
AKA MULTINVEST IS A FICTITIOUS DBA
UNDER ROSEMONT D CORPORATION.

P). $95,000.00 FUNDS SEIZED FROM CIBC
ACCOUNT # XXXXX0473 UNDER THE
NAME OF MEGAVAL ENTERPRISES
LTD., IS A FICTITIOUS DBA UNDER
ROSEMONT G CORPORATION.

Q). $15,664.21 FUNDS SEIZED FROM CIBC
ACCOUNT # XXXXX1458 UNDER THE
NAME OF CAPITAL MULTIPLE 59 FINAL
BENEFICIARY YAMAS CORP., IS A
FICTITIOUS DBA UNDER ROSEMONT O
CORPORATION.

R). $65,000.00 FUNDS SEIZED FROM CIBC
ACCOUNT # XXX34 FINAL BENEFICIARY
AGRIBROKER FINANCIAL SERVICES
CV. IS A FICTITIOUS DBA UNDER

3

ROSEMONT N CORPORATION.

S). $59,137.00 FUNDS SEIZED FROM CIBC ACCOUNT # XXXXX0473 UNDER THE NAME OF MEGAVAL ENTERPRISES LTD., IS A FICTITIOUS DBA UNDER ROSEMONT G CORPORATION.

T). $50,000.00 FUNDS SEIZED FROM CIBC ACCOUNT # XXX65 UNDER THE NAME OF MEGAVAL ENTERPRISES LTD., IS A FICTITIOUS DBA UNDER ROSEMONT G CORPORATION.

U). $524,960.00 FUNDS SEIZED FROM CIBC ACCOUNT # XXXXX0734 UNDER THE NAME OF SIGO C.A. BY ORDER OF LUNA OVERSEAS CORP., IS A FICTITIOUS DBA UNDER ROSEMONT X CORPORATION.

V). $299,970.00 FUNDS SEIZED FROM CIBC ACCOUNT # XXX35 UNDER THE NAME OF GONZALO TIRADO AND ASOCIADOS C.A., BY ORDER OF UNO CAPITAL MANAGEMENT LTD., IS A FICTITIOUS DBA UNDER ROSEMONT E CORPORATION.

W). $72,602.50 FUNDS SEIZED FROM CIBC ACCOUNT # XXXXX1359 UNDER THE NAME OF ACTIMARKET FINANCIAL SERVICES, IS A FICTITIOUS DBA UNDER ROSEMONT O CORPORATION.

X). $200,000.00 FUNDS SEIZED FROM A WIRE TRANSFER FROM WEB FINANCIAL SERVICES, S.A., CIBC ACCOUNT  # XXX713; FUNDS WERE DESTINED FOR BANVALOR CORP. ACCOUNT # XXXXXX-224-01 DBA UNDER ROSEMONT O CORPORATION.

4

Y). $5,985.00 FUNDS SEIZED FROM CIBC ACCOUNT # XXXXX0473 UNDER THE NAME OF MEGAVAL ENTERPRISES LTD, DBA UNDER ROSEMONT G CORPORATION.

Z). $750,000.00 FUNDS SEIZED FROM WIRE TRANSFER 6819800090FC FROM FIDELVALORES SOCIEDAD DE CORRETAJE, ORIGINATED BY FINACA LTD DESTINED TO DBA UNDER ROSEMONT J. CORPORATION.

AA). $350,000.00 FUNDS SEIZED FROM FIDEVALORES SOCIEDAD DE CORRETAJE DE TITULOS VALORES S.A.; ORIGINATED BY INTERACIONES BANKING COPR., DETINED FIDELVALORES SOCIEDAD DE CORRETAJE DE TITULOS VALORES S.A., (CHIP No. 6826200090FC) DBA UNDER ROSEMONT J CORPORATION.

BB). $50,000.00 FUNDS SEIZED FROM WIRE TRANSFER # 3426900090JO FROM AGRIBROKER FINANCIAL SERVICES CV DBA UNDER ROSEMONT N CORPORATION TO CIBC, DESTINED FOR FINALCA LTD.

CC). $14,769.23 FUNDS SEIZED FROM CIBC ACCOUNT # XXXXX0473 UNDER THE MEGAVAL ENTERPRISES LTD., DBA UNDER ROSEMONT G CORPORATION.

DD). $150,000.00 FUNDS SEIZED FROM WIRE TRANSFER # XXX5485 FROM SERVICIOS VENEZOLANOS COSTA AFUERA ACCOUNT # XXXXX1560 TO CIBC., DESTINED FOR INVERSIONES COROSOPANDO, C.A. DBA UNDER ROSEMONT U CORPORATION

**ACCOUNT # XXXXXXXXXX-0100101.**
Defendants.

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned

attorneys, Rosa E. Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, and

Miguel A. Fernández, Chief of the Civil Division and Asset Forfeiture Money Laundering Unit,

Assistant United States Attorney, and respectfully states and alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action in rem brought to enforce the provisions of Title 18 United

States Code, Sections 981(a)(1)(A) and (C) for  the forfeiture of property which are proceeds of

illegal activity, violations of control substances Act, Title 21, United States Code, Sections 841 and

881(a)(6) and Money Laundering, Title 18, United States Code, Sections 1956(a)(1)(B)(1) and

1957(a) and Title 18, United States Code, Section 1960.

### THE DEFENDANT IN REM

2.      The defendant properties seized by a law enforcement agent of the United States

Drug Enforcement Administration (DEA) during the period from March 25, 2009 to April 2, 2009,

consist of the above captioned properties, and fully described in the unsworn declaration attached

to this complaint as Exhibit "A".

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over an action commenced by the

United States pursuant to Title 28 United States Code, Section 1345, and over an action for forfeiture

pursuant to Title 28, United States Code, Section, 1355.

    4.    This Court has in rem jurisdiction over the Defendant property pursuant to Title

28, United States Code, Section 1355(b)(1)(A) because acts and omissions giving rise to the

forfeiture occurred in this district.

    5.    Venue is proper in this district pursuant to Title 28, United States Code, Section

1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in this district.

BASIS FOR FORFEITURE

    6.    The defendant property is property involved in violations of control substances

Act, Title 21, United States Code, Sections 841 and 881(a)(6) and Money Laundering, Title 18,

United States Code, Sections 1956(a)(1)(B)(1) and 1957(a), for which it is to be forfeited to the

United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(A) and (C) and Title 21, United

State Code, Section 881(a)(6).

FACTS

    7.    The facts and circumstances supporting the seizure and forfeiture of the Defendant

property are contained in the 28 U.S.C. § 1746 unsworn declaration of the United States Department

of Justice, Drug Enforcement Administration (DEA), Special Agent, Yvonne M. Schon, attached

hereto as Exhibit "A", and incorporated herein as if fully stated.

CLAIM FOR RELIEF

    WHEREFORE, THE United States of America prays that a warrant of arrest for the

defendant property be issued; that due notice be given to all parties to appear and show cause why

the forfeiture should not be decreed; that judgment be entered declaring the defendant property

7

condemned and forfeited to the United States of America for disposition according to law; and that

the United States of America be granted such other and further relief as this Court may deem just and

proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 16th day of June, 2009.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

/s/ Miguel A. Fernández
**Miguel A. Fernández**
Chief, Civil Division
Assistant U.S. Attorney
USDC # 125106
# 350 Carlos Chardón Street
Torre Chardón Suite 1201
Hato Rey, Puerto Rico  00918
Tel. (787) 766-5656
Fax. (787) 772-4011
miguel.fernandez@usdoj.gov

8

VERIFIED DECLARATION

I, Miguel A. Fernández, Assistant U.S. Attorney, Chief of the Civil Division and Asset Forfeiture Money Laundering Unit, for the District of Puerto Rico, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the following foregoing Complaint is based on reports and information furnished to me by the United States Department of Justice, Drug Enforcement Administration (DEA) and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 16th day of June, 2009.

Miguel A. Fernández
Assistant U.S. Attorney

VERIFIED DECLARATION

I, Yvonne M. Schon, Special Agent of the United States Department of Justice, Drug Enforcement Administration (DEA), hereby declare as provided by 28 U.S.C. § 1746, the following.

We have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and we find the same to be true and correct to the best of my knowledge and belief. We declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this _16_ th day of _June_, 2009.

Yvonne M. Schon
Special Agent, DEA

9

Case 3:09-cv-01549-ADC    Document 2-2    Filed 06/16/2009    Page 1 of 2

⬥JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $26,891,914.77 SEIZED AT AL. |

| (b)  County of Residence of First Listed Plaintiff _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|
| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY -** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 21, USC, Sections 841, 881(a)(6) and Title 18, USC, sections 1956(a)(1)(B)(1),1957(a)Title 18 USC, 1960
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$26,891,914.77

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE  FRANCISCO A. BESOSA    DOCKET NUMBER 09-1543

DATE
06/16/2009

SIGNATURE OF ATTORNEY OF RECORD
Miguel A. Fernández, Chief, Civil Division, AUSA

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

## CATEGORY SHEET

You must accompany your complaint with this Category Sheet, the Current Address Notice, and the Civil Cover Sheet (JS-44).

| NAME OF ATTORNEY | Fernandez, Miguel A. |
| --- | --- |
| | (last name, first name, middle initial) |
| USDC-PR BAR NO. | 125106 |
| EMAIL ADDRESS: | miguel.fernandez@usdoj.gov |

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff: United States of America

   Defendant: $26,891,914.77 Seized et al...

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes

   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes

   ☒ No

6. Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes

   ☒ No

| DATE SUBMITTED: | June 16, 2009 |
| --- | --- |

rev. Jan. 08

## UNSWORN DECLARATION
### IN SUPPORT OF FORFEITURE COMPLAINT

## INTRODUCTION

Pursuant to 28 U.S.C. 1746, I, Yvonne M. Schon, Special Agent, of the United States Department of Justice, Drug Enforcement Administration, declare under penalty of perjury that the foregoing is true and correct:

1.     I am an "investigative or Law Enforcement Officer of the United States" within the meaning of Title18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2.     I am a Special Agent (SA) of the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA) and have been so employed since December, 2008. I have received twenty (20) weeks training at the DEA Academy, Quantico, Virginia, and am currently assigned to the DEA Caribbean Division Money Laundering Group, investigating violations of Title 18 and 21, United State Code. During my law enforcement career, I have received detailed instruction in, and conducted various complex conspiratorial investigations concerning, the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

3.     I am aware that drug traffickers conceal their properties and move their monetary currency to avoid law enforcement detection. I have received DEA training in the areas of money laundering, financial investigations, telecommunication/internet exploitation, and asset forfeiture, among others. I have also spoken in depth to experienced investigators concerning the methods and practices of drug traffickers and money launderers. During these conversations, I was able to validate the conclusions which I have drawn based on my own experience.

4.     Through my own experience and training, I have become familiar with the methods of operation typically utilized by drug traffickers. Drug traffickers often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the disposition of proceeds derived from the sale of controlled substances.

# BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

5.    I make this Unsworn Declaration, on information and belief derived from the following sources:

   A.    Oral and or written reports and documents about this and other federal agents or officers of DEA with Venezuelan authorities.

   B.    Physical surveillance conducted by the aforementioned law enforcement personnel, who either directly or indirectly, reported their observations to DEA.

   C.    Debriefings of a Drug Enforcement Administration Confidential Source.

6.    Except where otherwise noted, the information set forth in this Unsworn Declaration has been provided to me directly or indirectly by a Special Agent of the DEA. Unless otherwise noted, wherever in this Unsworn Declaration I assert a statement was made, the information was provided by another law enforcement officer to whom I have spoken or whose report I have read and reviewed. Such statements are among many statements made by others and are stated in substance, unless otherwise indicated. Similarly, information resulting from surveillance, except where otherwise indicated, does not set forth my personal observation, but rather, has been provided to me directly or indirectly by other law enforcement officers who conducted such surveillance.

7.    Since this Unsworn Declaration is being submitted for the limited purpose of seeking authorization in Supporting a Civil Complaint to Forfeit $26,891,914.77. I have not set forth each and every fact learned during the course of this investigation.

8.    The TARGET SUBJECTS, violators, and others yet unknown, have committed, are committing, and will continue to commit the "drug offenses" and "money laundering offenses" described hence forth.

9.    Based upon my review of various DEA intelligence documents and other law enforcement reports, along with financial statements and financial investigative reports, I believe the following:

10.    Additional investigation and money-flow analysis revealed that, in September of 2008, a DEA undercover agent negotiated with Rama VYASULU in order to launder $100,000.00 in purported drug proceeds. VYASULU is the President and Controller of approximately (25) corporations, and their corresponding bank accounts, that are each listed as "ROSEMONT" followed by an identifying letter and number, such as ROSEMONT D-3321 (for example purposes only, as this specific account is not known to exist). Each of these corporations is known to be doing business as (DBA) other corporations, utilizing different corporation names. In September of 2008,

VYASULU was given $100,000.00 for laundering purposes by a DEA undercover agent. These funds were successfully laundered by VYASULU and were subsequently returned to the DEA, minus a commission charged by VYASULU for services rendered. Once again, in November of 2008, VYASULU was given $200,000.00 of purported drug proceeds for laundering purposes. These funds were also successfully laundered by VYASULU and were subsequently returned to the DEA, minus a commission charged by VYASULU for services rendered. During January of 2009, a third amount of $350,000.00 was given to VYASULU by a DEA undercover agent for money laundering purposes. These funds, once again, were successfully laundered by VYASULU and were returned to DEA, minus a commission for services rendered. Finally, on or about March 16, 2009, a fourth amount of $350,000.00 was given to VYASULU by a DEA undercover agent for money laundering purposes. These funds, once again, were successfully laundered by VYASULU. In total, VYASULU laundered $1,000,000.00 in purported drug proceeds during the course of these four (4) transactions and gained a commission of $20,000.00.

11.     During the period from September 30, 2008, to January 16, 2009, approximately $51,098,305.83 was debited from CIBC account #200001350 to ten (10) of the identified accounts owned/controlled by VYASULU. During the same period, approximately $65,200,000 was credited to CIBC account #200001350 from five (5) of the identified accounts owned/controlled by VYASULU. Note this is the same CIBC account, #200001350 that agents seized $3,173,000.00 from on January 16, 2009, after being directly tied to the MAKLED brothers' drug trafficking activities.

12.     On March 13, 2009, DEA agents interviewed Ms. Arismar PEREZ-Rebollo, who was previously employed by the CARACAS INTERNATIONAL BANKING CORPORATION (CIBC). During the interview, Ms. Perez stated that she was employed by CIBC from August of 2007 to February of 2009. Ms. Perez also stated that she was bank receptionist, assistant of the human resource manager, Lymarie Colon, and assistant of D'ANDREA. Ms. Perez stated that, after the first seizure conducted by DEA agents, D'ANDREA was very nervous. Ms. Perez stated that the bank frequently conducted wire transfers without signature card verification. Ms. Perez stated that an unknown person in CIBC ordered the wire transfer of the MAKLED's money ($3,173,000.00). The compliance officer immediately ordered to stop the transaction. Ms. Perez stated that she subsequently received a telephone call from Banco Nacional de Crédito Vice-President (BNC-VP) and CIBC Vice-President (CIBC-VP) Jorge NOGUEROLES. After the conversation with NOGUEROLES, she transferred the call to CIBC Comptroller Officer Eduardo VILLANUEVA. Ms. Perez stated that, after VILLANUEVA spoke with NOGUEROLES, the MAKLED's money ($3,173,000.00) was transferred. According to Ms. Perez and other sources of information, the only individuals who could approve wire transactions (even when advised not to do so by the Compliance Officer) were D'ANDREA, VILLANUEVA, and CIBC Private Banking Supervisor Javier ROSARIO. Ms. Perez stated that, when she made copies of the MAKLED's original file (requested by the DEA Caribbean Division via Administrative Subpoena), D'ANDREA ordered Ms. Perez not to make copies of the electronic mail (e-mail) print outs and to remove them from the file. The mentioned transaction is further

3

demonstrated by the following e-mail communication, received by DEA agents during the course of the investigation:

**Translated into English, the previous e-mail between VILLANUEVA and an unknown employee states the following:**

"As per Mr. Jorge NOGUEROLES' instructions, please pre-cancel the CD in reference and transfer the amount of $3,173,000.00 to account number 200001350, which pertains to HEPTAGON ASSET MANAGEMENT. This cancellation is the result of the execution of Credit letter 400000433 in favor of Banco Nacional de Crédito.  The remaining balance of $227,000.00 will remain with the same terms/conditions of guarantee for the Credit Letter."

13.     On March 17, 2009, a search and seizure warrant was issued in the District of Puerto Rico for all funds contained within CIBC account #200001350 belonging to HEPTAGON ASSET MANAGEMENT, C.V.  DEA Agents executed said warrant on the same date and obtained an official check made payable to the United States Marshals Service in the amount of $7,142,685.18.

14.     From March 25, 2009 to April 2, 2009, Agents from the Caribbean Division Money Laundering Group (CD/MLG), served a seizure warrant for all accounts related to VYASULU, ROSEMONT CORPORATIONS A through Z (to include all known DBAs), along with any related accounts, certificates of deposit, letters of credit, bonds, securities at the CARACAS INTERNATIONAL BANKING CORPORATION (CIBC) located at San Juan, Puerto Rico. This seizure warrant yielded more than $26.8 million in total assets related to drug trafficking and money laundering.  In addition, on the same date, agents from DEA Boston arrested VYASULU in Miami for conspiracy and money laundering, in addition to seizing approximately $140 million from accounts related to VYASULU and his money laundering activities.  Post-arrest statements made by VYASULU indicate that he was able to illegally launder millions of dollars in drug-related currency, into and out of the CARACAS INTERNATIONAL BANKING CORPORATION (among other institutions), via laptop computer.

15.     On March 25, 2009, Agents from the Caribbean Division Money Laundering Group (CD/MLG), served a seizure warrant at the Caracas International Banking Corporation (CIBC) located at San Juan, Puerto Rico.

16.  On March 25, 2009, at approximately 5:00 P.M., agents from the CD/MLG and Internal Revenue Service (IRS) SA Ramon Silva-Cruz, arrived at the CIBC located in San Juan, Puerto Rico, to execute a seizure warrant. Upon arrival, the agents respectfully requested to speak with Operations Vice President Gregorio D'ANDREA and Comptroller Eduardo VILLANUEVA. D'ANDREA and VILLANUEVA received the Agents in the CIBC lobby conference room. While at the conference room, Group Supervisor Jose F. Roman informed D'ANDREA that DEA's presence in CIBC was to execute a seizure warrant for all ROSEMONT accounts and DBA's including Rama

VYASULU'S bank accounts. At first, D'ANDREA stated that he did not know VYASULU, nor did VYASULU have any account in CIBC.

17.    Immediately after, D'ANDREA and VILLANUEVA requested DEA Agents to wait until 7:00 P.M., to be able to consolidate with their computer all the business transactions of the day. D'ANDREA advised the agents that the procedure to review all the business transactions would take approximately 2 hours, after the bank consolidates all the transactions. The Agents granted their request.

18.    At approximately 6:00 P.M., while reviewing the CIBC transactions, D'ANDREA identified to TFO Joseph Viera wire transfer #4210409082FF, which belonged to ROSEMONT I CORPORATION, DBA IVP OVERSEAS, and wire transfer number 26297000084JO, which belonged to BARLO VENTURES INC, as transactions that were in suspense, because they were associated to Rama VYASULU. Simultaneously, D'ANDREA voluntarily stated that he met one time with VYASULU and after the meeting they decided to stop doing business with him and his corporations. D'ANDREA stated that VYASULU was one of the incorporators of Bancaracas, later renamed Caracas International Banking Corporation (CIBC).

19.    At approximately 9:00 P.M., CIBC Treasurer Martin Natera voluntarily provided SA Yvonne M. Schon, a printout of the CIBC transactions sheets of 03-25-2009, and a digital copy of the CIBC transaction sheets of 3-25-2009. The CIBC transaction sheets. The digital copy of the CIBC transactions sheets was provided in a CD.

20.    At approximately 9:30 P.M., as a result of the seizure warrant, CIBC provided Agents with the following CIBC Managers Check and documents:

- Check # 00372 in the amount of $750,000.00 (Exhibit N-8). The funds were seized from wire transfer #4210409082FF in the amount of $250,000.00, from ROSEMONT I, DBA IVP OVERSEAS. The funds were destined to WEB FINANCIAL SERVICES, Account #21141. The remaining $500,000.00 was seized from wire transfer #4163409082FF, ROSEMONT I CORPORATION, DBA IVP OVERSEAS LTD, CIBC Account # 200001039. The funds were destined to ACTIVALORES FINANCIAL SERVICES LTD. ROSEMONT I CORPORATION, DBA IVP OVERSEAS LTD, has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-8a) are related to the seized wire transfer money of Exhibit N-8.

- Check # 00374 in the amount of $1,000,000.00 (Exhibit N-9). The funds were seized from wire transfer # 2629700084JO in the amount of $1,000,000.00, from BARLO VENTURES INC. The funds were destined for ACTIVALORES FINANCIAL SERVICES LTD, CIBC Account #200001039. BARLO VENTURES INC is a DBA under ROSEMONT E CORPORATION and has been identified as a shell corporation of VYASULU.

5

- Bank documents (Exhibit N-9a) are related to the seized wire transfer money of Exhibit N-9.

- Check # 00375 in the amount of $250,000.00 (Exhibit N-10). The funds were seized from wire transfer # 5433000084FC in the amount of $250,000.00, from BANVALOR CORP. The funds were destined to ACTIVALORES FINANCIAL SERVICES, CIBC Account # 200001039. BANVALOR CORP is a DBA under ROSEMONT O and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-10a) are related to the seized wire transfer money of Exhibit N-10.

- Check # 00376 in the amount of $7,579.96 (Exhibit N-11). The funds were seized from MEGAVAL ENTERPRISES LTD, CIBC Account # 200001860. The currency deposited into this account was $5,573.50 Euros, converted by CIBC into $7,579.96 US Currency at a currency exchange rate of 1.36. The exchange rate was obtained from Euro Spot Currency Exchange, at the time of the seizure. MEGAVAL ENTERPRISES LTD is a DBA under ROSEMONT G CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-11a) are related to the seized financial instrument of Exhibit N-11.

- Check # 00377 in the amount of $3,017,483.33 (Exhibit N-12). The funds were seized from METROPOLITAN FINANCIAL GROUP INC, CIBC Account # 53912. METROPOLITAN FINANCIAL GROUP INC is a DBA under ROSEMONT A CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-12a) are related to the seized financial instrument of Exhibit N-12.

- Check # 00378 in the amount of $2,115,757.25 (Exhibit N-13). The funds were seized from ACTIMARKET FINANCIAL SERVICES CORP, CIBC Account # 200001359. ACTIMARKET FINANCIAL SERVICES CORP is a DBA under ROSEMONT O CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-13a) are related to the seized financial instrument of Exhibit N-13.

- Check # 00379 in the amount of $3,299,340.32 (Exhibit N-14). The funds were seized from MEGAVAL ENTERPRISES LTD, CIBC Account # 200000473. MEGAVAL ENTERPRISES LTD is a DBA under ROSEMONT G CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-14a) are related to the seized financial instrument of Exhibit N-14.

- While searching for ROSEMONT's accounts and wire transfers, Private Banking Officer Javier ORRIA, informed TF/O Joseph Viera, that MULTITRADE FINANCIAL CORP was a mirror account of ROSEMONT D CORPORATION DBA MULTINVEST. To support this allegation, ORRIA provided a letter to TFO Viera, which was in the account's file signed by Rama VYASULU, dated on 6/6/2008, (Exhibit N-15a). Subsequently, CIBC provided check # 00380 (Exhibit N-15).

- Check # 00380 in the amount of $5,013,127.11 (Exhibit N-15). The funds were seized from MULTITRADE FINANCIAL CORP, CIBC Account # 21065. MULTINVEST is a DBA of MULTITRADE FINANCIAL CORP registered as a DBA of ROSEMONT D CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-15a) related to the seized financial instrument of Exhibit N-15.

- Check # 00381 in the amount of $6,772,933.86 (Exhibit N-16). The funds were seized from METROPOLITAN FINANCIAL GROUP INC, CIBC Account # 200001113. METROPOLITAN FINANCIAL GROUP INC is a registered DBA of ROSEMONT A CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-16a) is related to the seized financial instrument of Exhibit N-16.

- Transaction Sheet (Exhibit N-17) obtained on March 25, 2009, voluntarily provided by CIBC Treasury Official Martin Natera to SA Yvonne Schon.

- One Compact Disk (Exhibit N-17a) obtained on March 25, 2009, voluntarily provided by CIBC Treasury Official Martin Natera to SA Yvonne Schon.

- Check # 00382 in the amount of $449,962.50 (Exhibit N-18). The funds were seized from CIBC Account #20001359 under the name of ACTIMARKET FINANCIAL SERVICES CORP. ACTIMARKET FINANCIAL SERVICES CORP. is a fictitious DBA of ROSEMONT O CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT O CORPORATION has been identified as a shell corporation of Rama VYASULU.

- Bank documents (Exhibit N-18a) are related to the seized financial instrument of Exhibit N-18.

- Check # 00383 in the amount of $250,000.00 (Exhibit N-19). The funds were seized from wire transfer #567800085FC in the amount of $250,000.00 from BANVALOR CORP. to CIBC. The funds were destined to JLM FINANCIAL SERVICES. BANVALOR CORPORATION is a fictitious DBA under ROSEMONT O CORPORATION and has been identified as a shell corporation of Rama VYASULU.

- Bank documents (Exhibit N-19a) is related to the seized financial instrument of Exhibit N-19.

- Check # 00396 for the amount of $750,000.00 (Exhibit N-20). The funds were seized from CIBC account ID # 30641 under the name of BLUEBERRY FINANCIAL SERVICES LTD, final beneficiary CAPITAL PARTNERS INC. CAPITAL PARTNERS INC. IS A FICTITIOUS DBA of ROSEMONT C CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT C CORPORATION has been identified as a shell corporation of Rama VYASULU.

- Bank documents (Exhibit N-20a) is related to the seized financial instrument of Exhibit N-20.

- Check # 00395 for the amount of $250,000.00 (N-21). The funds were seized from CIBC account ID # 30641 under the name of BLUEBERRY FINANCIAL CORP FINANCIAL SERVICES LTD final beneficiary BANVALOR CORP. BANVALOR CORP is a fictitious DBA of ROSEMONT O CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT O CORPORATION has been identified as a shell corporation of Rama VYASULU.

- Bank documents (Exhibit N-21a) are related to the seized financial instrument of Exhibit N-21.

- Check # 00394 for the amount of $250,000.00. The funds were seized from CIBC accounts ID #30641 under the name of BLUEBERRY FINANCIAL COPR. Final beneficiary UNO CAPITAL MANAGEMENT. UNO CAPITAL MANAGEMENT is a fictitious DBA of ROSEMONT E CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT E CORPORATION has been identified as a shell corporation of Rama VYASULU. (Exhibit N-22).

- Bank documents (Exhibit N-22a) are related to the seized financial instrument of Exhibit N-22.

- Check # 00386 for the amount of $12,000.00 (Exhibit N-23). The funds were seized from CIBC Account # 21065 under the name of MULTITRADE FINANCIAL CORP. MULTITRADE FINANCIAL CORPORATION AKA MULTINVEST is a fictitious DBA of ROSEMONT D CORPORATION at the Florida Department of State Division of Corporation. ROSEMONT D CORPORATION has been identified as a shell corporation of Rama VYASULU.

- Bank documents (Exhibit N-23a) are related to the seized financial instrument of Exhibit N-23.

- Check # 00387 for the amount of $95,542.50 (Exhibit N-24). The funds were seized from CIBC account #200000473 under the name of MEGAVAL ENTERPRISES LTD. MEGAVAL ENTERPRISES LTD. Is a fictitious DBA of ROSEMONT G CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT G CORPORATION has been identified as a shell corporation of Rama VYASULU.

- Bank documents (Exhibit N-24a) related to the seized financial instrument of Exhibit N-24.

- Check #00388 for the amount of $15,664.21. The funds were seized from CIBC account #200001458 under the name of CAPITAL MULTIPLE 59 final beneficiary YAMAS CORP. YAMAS CORP. is a fictitious DBA of ROSEMONT O CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT 0 CORPORATION has been identified as a shell corporation of Rama VYASULU (Exhibit N-25).

- Bank documents (Exhibit N-25a) are related to the seized financial instrument of Exhibit N- 25.

- Check #00389 for the amount of $65,000.00. The funds were seized from CIBC account # 21034 final beneficiary AGRIBROKER FINANCIAL SERVICES CV. AGRIBROKER FINANCIAL SERVICES CV is a fictitious DBA of ROSEMONT N CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT N CORPORATION has been identified as shell corporations of Rama YVASULU (Exhibit N-26).

- Bank documents (Exhibit N-26a) are related to the seized financial instrument of Exhibit N- 26.

- Check # 00390 for the amount of $59,137.00. The funds were seized from CIBC account # 200000473 under the name of MEGAVAL ENTERPRISES LTD. The MEGAVAL ENTERPRISES LTD is a fictitious DBA of ROSEMONT G CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT G CORPORATIONS has been identified as a shell corporation of Rama VYASULU (Exhibit N-27).

- Bank documents (Exhibit N-27a) are related to the seized financial instrument of Exhibit N- 27.

- Check #00391 for the amount of $50,000.00. The funds were seized from CIBC account #21065 under the name of MULTITRADE FINANCIAL CORP. The MULTITRADE FINANCIAL CORP. is a mirror of a fictitious DBA of a

MULTINVEST DBA of ROSEMONT D CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT G CORPORATION has been identified as shell corporations of Rama VYASULU (Exhibit N-28).

- Bank documents (Exhibit N-28a) are related to the seized financial instrument of Exhibit N- 28.

- Check # 00392 for the amount of $524,960.00. The funds were seized from CIBC account # 200000734 under the name of SIGO C.A. by order of LUNA OVERSEAS CORP. LUNA OVERSEAS CORP. is a fictitious DBA of ROSEMONT X CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT X CORPORATION has been identified as a shell corporation of Rama VYASULU (Exhibit N-29).

- Bank documents (Exhibit N-29a) are related to the seized financial instrument of Exhibit N- 29.

- Check # 00393 for the amount of $299,970.00. The funds were seized from CIBC account #20935 under the name of GONZALO TIRADO AND ASOCIADOS CA. by order of UNO CAPITAL MANAGEMENT LTD. UNO CAPITAL MANAGEMENT LTD is a fictitious DBA of ROSEMONT E CORPORATION at the Florida Department of State Division of Corporation. ROSEMONT E CORPORATION has been identified as a shell corporation of Rama VYASULU (Exhibit N-30).

- Bank documents (Exhibit N-30a) are related to the seized financial instrument of Exhibit N- 30.

- Check # 00398 for the amount of $72,602.50. The funds were seized from CIBC account # 200001359 under the name of ACTIMARKET FINANCIAL SERVIES. The ACTIMARKET FINANCIAL SERVICES is a fictitious DBA of ROSEMONT O CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT O CORPORATION has been identified as a shell corporation of Rama VYASULU (Exhibit N-31).

- Bank documents (Exhibit N-31a) are related to the seized financial instrument of Exhibit N- 31.

- Check # 00399 in the amount of $200,000.00. The funds were seized from a wire transfer amount of $200,000.00 from WEB FINANCIAL SERVICES S.A. CIBC ACCT. #496713. The funds were destined for BANVALOR CORP ACCT. #000708-224-01. BANVALOR CORP is a DBA under ROSEMONT O CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-32A) are related to the seized financial instrument (Exhibit N-32).

- Check # 00400 in the amount of $5,985.00. The funds were seized from CIBC Account #200000473 under the name of MEGAVAL ENTERPRISES LTD. The MEGAVAL ENTERPRISES LTD. is a registered DBA of ROSEMONT G CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT G CORPORATION has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-33A) are related to the seized financial instrument (Exhibit N-33).

- Check # 00401 in the amount of $750,000.00. The funds were seized from wire transfer 6819800090FC in the amount of $750,000.00 from FIDELVALORES SOCIEDAD DE CORRETAJE. The wire was originated by FINACA LTD destined to registered DBA of Rosemont J Corporation at the Florida Department of State Division of Corporations. Rosemont J Corporation has been identified as a shell Corporation of VYASULU.

- Bank documents (Exhibit N-34A) are related to the seized financial instrument (Exhibit N-34).

- Check # 00402 in the amount of $350,000.00. The funds were seized from FIDEVALORES SOCIEDAD DE CORRETAJE DE TITULOS VALORES S.A. The funds was originated by INTERACIONES BANKING CORP destined FIDEVALORES SOCIEDAD DE CORRETAJE DE TITULOS VALORES S.A., (Chip No. 6826200090FC). FIDEVALORES SOCIEDAD DE CORRETAJE DE TITULOS VALORES S.A is a registered DBA of Rosemont J Corporation at the Florida Department of State Division of Corporations. Rosemont J Corporation has been identified as a shell Corporation of VYASULU.

- Bank documents (Exhibit N-35A) are related to the seized financial instrument (Exhibit N-35).

- Check # 00403 in the amount of $50,000.00. The funds were seized from wire transfer #3426900090JO in the amount of $50,000.00 from AGRIBROKER FINANCIAL SERVICES CV to CIBC. The funds were destined for FINALCA LTD. AGRIBROKER FINANCIAL SERVICES CV is a DBA under ROSEMONT N CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-36a) are related to the seized financial instrument (Exhibit N-36).

- Check # 00404 in the amount of $14,769.23. The funds were seized from CIBC Account #200000473 under the MEGAVAL ENTERPRISES LTD. The MEGAVAL ENTERPRISES LTD. is a registered DBA of ROSEMONT G CORPORATION at the Florida Department of State Division of Corporations. ROSEMONT G CORPORATION has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-37A) are related to the seized financial instrument (Exhibit N-37).

- Check # 00405 in the amount of $150,000.00. The funds were seized from wire transfer #2055485 in the amount of $150,000.00 from SERVICIOS VENEZOLANOS COSTA AFUERA ACC. #200001560, C.A. to CIBC. The funds were destined for INVERSIONES COROSOPANDO,C.A. ACC #001123 2240 0100101. INVERSIONES COROSOPANDO, C.A. is a DBA under ROSEMONT U CORPORATION and has been identified as a shell corporation of VYASULU.

- Bank documents (Exhibit N-38a) are related to the seized financial instrument (Exhibit N-38).

21.    Information obtained by DEA indicates that ROSEMONT **P** CORPORATION is the only CORPORATION out of the 27 ROSEMONT CORPORATION'S including its DBA's, authorized to conduct financial transactions/transmit funds.    In addition, all "CASAS DE BOLSAS" doing business under ROSEMONT CORPORATIONS, other than ROSEMONT P CORPORATION where doing business without state license and without being registered with FNCEN to conduct wire transfers.

22.    Based on the affiant's training and experience, the account in the name of and/or controlled which has been linked to Rama VYASULU'S ROSEMONT CORPORATIONS. VYASULU has been and will continue to be utilized to launder and/or otherwise conceal proceeds derived from drug trafficking and/or other criminal enterprises in violations of control substances Act, Title 21, United States Code, Sections 841 and 881(a)(6) and Money Laundering, Title 18, United States Code, Sections 1956(a)(1)(B)(1) and 1957(a) and Title 18, United States Code, Section 1960.


Yvonne M. Schon
Special Agent
Drug Enforcement Administration (DEA)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
|     Plaintiff,        ) | |
| )| |
| v.        ) | Civil No. |
| )| |
| $26,891,914.77 IN UNITED STATES        ) | |
| CURRENCY SEIZED FROM ACCOUNTS        ) | (Action Pending in District of Puerto |
| AT CARACAS INTERNATIONAL BANK        ) | Rico, Civil Action No. 09-1549) |
| )| |
|     Defendant.        ) | |

## ORDER

On September 24, 2009, Defendant issued a Rule 45 subpoena as part of discovery for a

civil forfeiture action occurring in the District of Puerto Rico for materials that would encompass

an ongoing criminal investigation in the District of Massachusetts.

The United States of America, by and through the Department of Justice's Asset

Forfeiture and Money Laundering Section,  filed a Motion to Quash or Modify the subpoena.

For the reasons stated in the Motion to Quash or Modify, the United States of America's Motion

to Quash or Modify is GRANTED.


_____

UNITED STATES MAGISTRATE JUDGE

&#9759;JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

United States of America

**09 - 23143**

**DEFENDANTS**

$26,891,914.77 IN UNITED STATES CURRENCY

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Scott Paccagnini, United States Department of Justice, Asset Forfeiture and Money Laundering Section, 1400 New York Avenue, N.W., Washington, DC 20530, (202) 353-8891

Attorneys (If Known)

Lee Stapleton, Baker & McKenzie LLP, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☑ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

MAGISTRATE JUDGE McALILEY

CIV - JORDAN

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☒ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Re-filed- (see VI below)
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO         b) Related Cases ☑ YES ☐ NO

JUDGE Aida M. Delgado-Colon (Puerto Rico)   DOCKET NUMBER 3:09-1549 (District of Puerto Rico)

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Motion to Quash or Modify a Rule 45 Subpoena

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   *Scott Paccagnini*

DATE   10/19/2009

**FOR OFFICE USE ONLY**

AMOUNT *Waived*   RECEIPT # _____   IFP _____